In the United States District
Court for the Eastern District of
North Carolina Western Division
Case No.＿＿:＿＿-CV-＿＿＿-＿＿

Taihong He，

                Plaintiff,

      v.

L & L New Panda Inc. d/b/a New Panda,
Xiu Zhen Lin, Stephun Zhang,

                Defendants.

Case No.

 Judge

 Magistrate Judge
Jury Trial Demand

1)       Taihong He brings this action against Defendants L & L New Panda Inc. d/b/a New Panda, Xiu Zhen Lin, Stephun Zhang (collectively the "Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff with minimum wages and overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the North Carolina Wage and Hour Act, N.C. Gen. Stat. 95-25.4, *et seq.* ("NCWHA").

2)       Defendants operate L & L New Panda Inc. d/b/a New Panda in North Carolina.

3)       Defendants repeatedly and willfully violated the Fair Labor Standards Act and North Carolina Wage and Hour Act by willingly failing to pay Plaintiff minimum wage and overtime wages for hours Plaintiff worked over 40 hours every week.

4)       Defendants maintain a policy and practice of willingly not paying their

1

employees minimum wages and overtime wages in violation of the FLSA and the North Carolina Wage and Hour Act, N.C. Gen. Stat. 95-25.6, and N.C. Gen. Stat. 95-25.4, *et seq*.

## Jurisdiction and Venue

5) Under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has jurisdiction over Plaintiff's FLSA claims.

6) Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's North Carolina law claims.

7) Venue in this Court is proper under 28 U.S.C. § 1391(b) because Defendants' principal place of business is located this district at 2660 Timber Drive, Garner, NC 27529.

## Parties

### Plaintiff

8) Plaintiff Taihong He （"Plaintiff" or "He"）is a resident of Garner, North Carolina.

9) Plaintiff had worked for Defendant as a kitchen helper from approximately March 2017 to March 21, 2020. Plaintiff's main duties include preparation of ingredients and washing of dishes.

10) Plaintiff was an "employee" of Defendants as defined in the FLSA and the North Carolina Wage and Hour Act, N.C. Gen Stat. §95-25.2.

### Defendants

11) Defendant L & L New Panda Inc. d/b/a New Panda (the "New Panda") is a domestic corporation authorized to do business under the laws of North Carolina.

12) New Panda operates its Chinese food restaurant at 2660 Timber Drive, Garner, NC 27529.

13) New Panda has substantial control over Plaintiff's working conditions, and over

2

the unlawful policies and practices alleged herein.

14) At all relevant times, New Panda maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

15) At all relevant times, New Panda has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

16) New Panda's gross revenue exceeds $500,000 per year.

17) New Panda is an employer within the meaning of FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, N.C. Gen. Stat. §95-25.2

18) Upon information and belief, Defendant Xiu Zhen Lin is the president of New Panda located at 2660 Timber Drive, Garner, NC 27529 and participated in the day- to-day operations of Corporate Defendants' business and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, N.C. Gen. Stat. §95-25.2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendants.

19) Upon information and belief, Defendant Stephun Zhang is the owner of New Panda located at 2660 Timber Drive, Garner, NC 27529 and participated in the day- to-day operations of Corporate Defendants' business and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, N.C. Gen. Stat. §95-25.2 and the regulations thereunder, and is jointly and severally liable with Corporate Defendant.

20) At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendants.

3

21) At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum and overtime compensation.

22) Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## Statement of Facts

23) Defendants committed the following alleged acts knowingly, intentionally and willfully.

24) Defendants knew that the nonpayment to Plaintiff of minimum and overtime compensation would financially injure Plaintiff and violate federal and state laws.

25) From in or around March 2017 to March 21, 2020, Plaintiff was employed by Defendants to work in Defendants' restaurant as a kitchen helper located at 2660 Timber Drive, Garner, NC 27529.

26) Throughout Plaintiff's employment with Defendants, Plaintiff worked approximately six (6) to seven (7) months each year as a kitchen helper.

    a) In 2017, Plaintiff worked from in or around March 2017 to in or around October 2017;

    b) In 2018, Plaintiff worked from in or around January 2018 to in or around June 2018;

    c) In 2019, Plaintiff worked from in or around January 2019 to in or around July 2019; and

    d) In 2020, Plaintiff worked from in or around February 2020 to March 21, 2020.

27) Throughout Plaintiff's employment with Defendants, Plaintiff worked six (6) days a week with Tuesday off. On Monday, Wednesday and Thursday, Plaintiff worked from around 10:30 am to around 10:00 pm without any uninterrupted break, totaling eleven and one-half (11.5) hours

4

per day. On Friday and Saturday, Plaintiff worked from around 10:30 am to around 11:00 pm without any uninterrupted break, totaling twelve and one- half (12.5) hours per day. On Sunday, Plaintiff worked from around 11:30 am to around 10:00 pm without any uninterrupted break, totaling ten and one-half (10.5) hours per day. Therefore, Plaintiff worked total of seventy (70) hours per week.

28) Throughout Plaintiff's employment with Defendants, Plaintiff was paid a flat rate of $2,000 per month in cash regardless of how many hours he worked.

29) Throughout Plaintiff's employment with Defendants, Plaintiff was not paid the statutory minimum rate for all hours he worked per week according to FLSA and NCWHA.

30) Throughout Plaintiff's employment with Defendants, Plaintiff was not exempted from the overtime regulations under FLSA and NCWHA.

31) Throughout Plaintiff's employment with Defendants, Plaintiff was not paid the statutory overtime rate for all hours worked in excess of forty (40) hours per week according to FLSA and NCWHA.

32) Defendants committed the above acts knowingly, intentionally and willfully.

33) Defendants committed the foregoing acts against the Plaintiff.

34) Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

**Causes of Action**
**Count I**
**Failure to Pay Minimum Wages –**
**Fair Labor Standards Act**

35) Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

36) At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a)

37) Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

38) At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

39) Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

40) The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

41) At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

42) The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

43) Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

**Count II**
**Failure to Pay Minimum Wages –**
**N.C. Gen. Stat. 95-25.3**

44) Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

45) At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of N.C. Gen. Stat. 95-25.2.

46) At all times relevant to this Action, Defendants were employers within the meaning

6

of N.C. Gen. Stat. 95-25.2.

47) North Carolina Law and the related regulation require that every employer shall pay to each of its employee of each hour worked a required minimum wage. N.C. Gen. Stat. 95-25.3 (a).

48) By the above-alleged conduct, Defendants failed to pay Plaintiff the minimum wages for all hours he worked as required by the NCWHA.

49) Defendants have acted willfully and have either known that their conduct violated the NCWHA or have shown a reckless disregard for the matter of whether their conduct violated the NCWHA. Defendants have not acted in good faith with respect to the conduct alleged herein.

50) Pursuant to the NCWHA, an employer who fails to pay minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

51) Therefore, Plaintiff is entitled to recover from Defendants the underpayments of his hourly minimum wage as well as the liquidated damages in the same amount of underpayment according to the NCWHA.

## Count III
## Failure to Pay Overtime Wages –
## Fair Labor Standards Act

52) Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

53) The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half

times the minimum wage, whichever is greater. 29 USC §207(a).

54) The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

55) Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

56) At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

57) The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

58) Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff.

59) Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff the statutory overtime rate of time and one half for all hours worked in excess of forty (40)per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## Count IV

### Failure to Pay Overtime Wages –
### N.C. Gen. Stat. 95-25.4

60) Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

61) The North Carolina Wage and Hour Act states that every employer shall pay every employee who works longer than 40 hours in any workweek at a rate of not less than time and one half of the regular rate of pay of the employee for those hours in excess of 40 per week. See N.C. Gen. Stat. 95-25.4.

62) Here, Defendant had never compensated Plaintiff his overtime wage for the hours worked longer than 40 hours in any workweek.

63) Defendants did not act in good faith when they violated the North Carolina Wage and Hour Act.

64) Plaintiff is entitled to his unpaid overtime wages, liquidated damages in an amount equal to their unpaid overtime wages, and interest for the two years preceding the filing of the complaint in this matter.

65) Plaintiff is further entitled to recover attorneys' fees and costs.

66) As a result of Defendants' willful violations, Plaintiff is entitled to damages, including, but not limited to, overtime wages, liquidated damages, costs, and attorneys' fees.

**WHEREFORE**, Plaintiff Taihong He prays for the following relief:

A.   Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations for Plaintiffs.

B.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NCWHA.

C.   An award of unpaid minimum wages due under the FLSA and NCWHA.

D.   An award of unpaid overtime wages due under the FLSA and NCWHA.

9

E. An award of liquidated damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation under the FLSA and NCWHA.

F. An award of interest under the FLSA and NCWHA.

G. An award of prejudgment and post-judgment interest.

H. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees.

I. Such other legal and equitable relief as the Court deems appropriate.

## Jury Trial Demand

Pursuant to Rule 38 (b) of the Federal Rules of Civile Procedure, the Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: Raleigh, North Carolina, November 5, 2020

OSBORN GAMBALE BECKLEY & BUDD, PLLC.
/s/ Joe Budd, Esq.
Joe Budd, Esq.
3801 Lake Boone Trail, Suite 400
Raleigh, North Carolina 27607
P: 919.441.1997
F: 919.578.3733
joe@counselcarolina.com
Attorney for *Plaintiff*

10